# In the United States Court of Federal Claims

No. 23-2089

(Filed: March 29, 2024)

```
* * * * * * * * * * * * * * * * * *
                                   *
                                   *
BEVERLY JEAN DOLLEN,               *
                                   *
                                   *
                  Plaintiff,       *
                                   *
                                   *
     v.                            *
                                   *
                                   *
THE UNITED STATES,                 *
                                   *
                                   *
                  Defendant.       *
                                   *
* * * * * * * * * * * * * * * * * *
```

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Beverly Dollen filed this case on December 6, 2023.  *See* EFC No. 1 ("Compl."). She claims that "[p]arents in the United States have a Constitutional right to be left alone from CPS, Child Protective Services, under the Fourth Amendment of the US Constitution." Compl. at 2. Plaintiff also cites a litany of criminal provisions of title 18 ranging from 18 U.S.C. § 1028 (fraud and related activity in connection with identification documents, authentication features, and information) to 18 U.S.C. § 1583 (Enticement into slavery), Compl. at 2, presumably in an attempt to avail herself of this Court's jurisdiction. In relief, Plaintiff seeks "[her] parental rights reinstated and the Immediate Return of [her] children." *Id.* at 4. She also "respectfully request[s] that [our] office conduct a full investigation into the actions of [a CPS agent, Judge, and presumably a court appointed guardian." *Id.* Her final request is that "[her] family be compensated for any damages incurred as a result of their actions." *Id.*

The government moved to dismiss on February 5, 2024, for lack of subject matter jurisdiction. ECF No. 7. Although Plaintiff was obligated to reply to the government's motion on or before March 7, 2024, she failed to do so. While *pro se* litigants are held to "less stringent standards than . . . lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007) (citations omitted). That burden included responding to the government's motion to dismiss. As Judge Holte has observed, "[w]hen a plaintiff fails to respond to defendant's motions . . . dismissal is not only appropriate but required to properly administer justice." *Stollings v. United States*, No. 22-888, 2022 WL 17333395 at *1 (Fed. Cl. Nov. 30, 2022); *accord Whiting v. United States*, 99 Fed. Cl. 13, 17 (2011) ("While dismissal of a claim is a harsh action, especially to a *pro se* litigant, it is justified when a party fails to pursue litigation diligently and disregards the court's rules . . . ." (citing *Kadin Corp. v. United States*, 782 F.2d 175, 176–77 (Fed. Cir. 1986))).

Indeed, Rule 41 of the Rules of the United States Court of Federal Claims ("RCFC") instructs that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, the court may dismiss on its own motion." RCFC 41(b). As Plaintiff failed to respond to the government's motion to dismiss, this Court dismisses the case for her failure to prosecute.

Moreover, any response Plaintiff could have filed with the Court would not have changed the outcome of this case. The claim for relief she submitted in her complaint falls well outside this Court's jurisdiction. It appears Plaintiff is attempting to bring suit against state and local Child Protective Services officers, who she believes unlawfully took her children. Compl. at 1. Nowhere does Plaintiff allege any involvement by any federal official. This Court only has jurisdiction over claims "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). As such, Plaintiff's claims are not "against the United States" and are not within this Court's jurisdiction.

Further, none of the other sources of law cited by Plaintiff bring her under the jurisdiction of this Court. First, she cites 42 U.S.C. § 1983. Compl. at 1. But, this Court does not have subject matter jurisdiction over Section 1983 claims. *Whittington v. United States*, 166 Fed. Cl. 532, 544–45 (collecting cases). Second, she cites the Fourth Amendment right against unreasonable searches and seizure, Fifth Amendment right against self-incrimination, and the Due Process and Equal Protection Clauses of the Fourteenth Amendment. This Court, however, only has jurisdiction over those constitutional provisions that "support a claim for damages against the United States[,]" *Khan v. United States*, 201 F.3d 1375, 1378 (Fed. Cir 2000), and none of the cited provisions support such a claim. *Dupre v. United States*, 229 Ct. Cl. 706 (stating no jurisdiction over Fourth Amendment claims); *Betz v. United States*, 40 Fed. Cl. 286, 292–93 (stating no jurisdiction over Fifth Amendment self-incrimination claims); *Ogden v. United States*, 61 Fed. Cl. 44, 47 (stating no jurisdiction over Due Process Clause or Equal Protection Clause of Fourteenth Amendment). Finally, she cites approximately thirty criminal provisions of title 18 of the United States Code. Compl. at 2–3. However, this Court also lacks jurisdiction over claims under the federal criminal code. *Joshua v. United States*, 18 F.3d 378, 379 (Fed. Cir. 1994).

For both of these reasons, Plaintiff's case is **DISMISSED** without prejudice. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

    s/ Zachary N. Somers
    Zachary N. Somers
    Judge